```
1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    -------------------------------x

3    UNITED STATES of AMERICA,

4              -against-                    19 cr 916
                                              Plea
5
     YOSEF ZIEGLER,
6
                          Defendant.
7
     -------------------------------x
8

9                                    United States Courthouse
                                      White Plains, New York
10
                                     December 8, 2020
11

12                    *   *  VIA TELECONFERENCE  *   *
13

14   B E F O R E:
                           THE HONORABLE JUDITH C. McCARTHY,
15                              United States Magistrate Judge

16

17
     A P P E A R A N C E S:
18
     Audrey Strauss
19        Acting United States Attorney for
          the Southern District of New York
20   BY:  COURTNEY HEAVEY
          Assistant United States Attorney
21

22   NECHELES CASSIDY LLP
          Attorneys for Defendant
23   BY:  SUSAN R. NECHELES
          GEDALIA M. STERN
24

25        (Proceedings recorded via digital recording device)

                    PAMELA GRIMALDI, CRR, CLR
                         914.390.4053
```

1              THE DEPUTY CLERK:  United States of America versus

2     Yosef Ziegler.

3              Counsel, please state your appearances for the

4     record.

5              MS. HEAVEY:  Good morning, your Honor.  Courtney

6     Heavey for the government.

7              THE COURT:  Good morning, Ms. Heavey.

8              MS. NECHELES:  Your Honor, Susan Necheles and Gedalia

9     Stern for Mr. Ziegler.

10             THE COURT:  Good morning, Mr. Stern and Ms. Necheles.

11             And good morning, Mr. Ziegler.  My name is Judge

12    McCarthy, and I'm going to be presiding over the proceedings

13    today.

14             I just want to remind all those who are participating

15    in this proceeding that the Southern District local rules that

16    prohibit -- recording or videotaping of these proceedings is

17    prohibited, so no audio or video recordings can be made of this

18    proceeding.

19             Ms. Heavey, what are we here for today?

20             MS. HEAVEY:  Your Honor, we're here for the waiver of

21    an indictment, the filing of a superseding information, and the

22    plea pursuant to that superseding information.

23             THE COURT:  Okay.  Before we begin, I want to place

24    on the record that a CARES Act finding has been made by Judge

25    Román on November 25, 2020 that allows this proceeding to

1    proceed remotely.  That CARES Act finding I believe is docket

2    No. 28 on the ECF.

3           The other thing I would like to do is make sure that

4    I have the consent of the defendant to proceed this way.

5           Ms. Hummel, I don't see the consent form in the --

6    did I miss it in the package?

7           I do have it here.  Hold on one second here.  I'll

8    get it before me.

9           So I have a consent form.  That has been completed by

10   Ms. Stern and signed on behalf of Ms. Stern and she signed on

11   behalf of her client -- or Mr. Stern.  Sorry.  And I'm not

12   quite sure whose initials it is in there for Mr. Ziegler.

13          So I'm going to let counsel place on the record what

14   was done both to advise Mr. Ziegler of his rights to appear in

15   person and to proceed remotely, and that Mr. Ziegler consents

16   to proceed this way.

17          MS. NECHELES:  Thank you, your Honor.

18          Your Honor, Mr. Stern, my colleague Mr. Stern, has

19   had conversations and discussed this with Mr. Ziegler and

20   Mr. Ziegler has consented.  Those are Mr. Stern's initials by

21   Mr. Ziegler's name on this and the other documents as well.

22          THE COURT:  Okay.  So this consent form says that

23   Mr. Ziegler consents to proceed by videoconference for a

24   conference before a judicial officer, and then handwritten in

25   is "sentencing."  I am not doing sentencing.  All I'm going to

1   be doing today is waiver of indictment, arraignment on the

2   information, and then a change of plea.

3           May I modify this form to reflect that?

4           I didn't hear you.  Is that a yes?

5           MS. NECHELES:  Yes, your Honor.

6           THE COURT:  Okay.  Mr. Ziegler, before we proceed, I

7   just want to make sure that you do consent to proceeding this

8   way.  And I'm going to put on the record how we're proceeding.

9           We're proceeding using the platform Skype for video,

10  and that allows us all to see each other.  I can see you,

11  Mr. Ziegler, and you can see me; is that correct?  You waved

12  hello.  You need to aud -- you need to answer yes or no so the

13  recording can take that.  You can see me, correct, Mr. Ziegler?

14          Excuse me?

15          THE DEFENDANT:  Yes, I can see you.

16          THE COURT:  Thank you.

17          And we are also using the AT&T conference service.

18  That is my virtual courtroom.  That would allow other people to

19  participate in this proceeding in open court so they can watch

20  the proceeding and hear the proceeding.  They can only hear it

21  on the audio.  But it also allows me to put counsel and

22  defendant in a breakout room.  If at any point during the

23  course of this proceeding they need to speak confidentially, I

24  can do that.

25          So Counsel, if you need that, just let me know.

1          Mr. Ziegler, if you need that, just let me know and

2   we can do that.

3          Mr. Ziegler, do you consent to proceeding this way?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Okay.  And did you give your attorneys

6   permission to sign the consent form?

7          THE DEFENDANT:  Yes.

8          THE COURT:  So I'm going to sign the consent form,

9   modify it to include the proceedings we're doing today, and it

10  will become part of the court record as Court Exhibit 1.

11          (Court Exhibit 1 was marked)

12          THE COURT:  Now, it goes without saying, but just so

13  it's clear on the record, we are doing this because we are in

14  the midst of a global pandemic, and in order to ensure the

15  safety of all those involved, we are handling proceedings

16  remotely at this time.  And that is allowed under the CARES

17  Act.  And as I said, Judge Roman made a CARES Act finding on

18  this matter.

19          So Mr. Ziegler, the first thing we're going to do is

20  the waiver of the indictment and arraign you on the information

21  that I have before me.

22          I'm making an assumption, but I want to place it on

23  the record, Mr. Ziegler has had his initial appearance and has

24  been arraigned previously and assigned Judge Román to this

25  case.  Is that correct, Ms. Heavey?

1            MS. HEAVEY:  That is correct, your Honor.

2            THE COURT:  Thank you.

3            Ms. Hummel, would you please place Mr. Ziegler under

4    oath or affirmation.

5    YOSEF ZIEGLER, having been duly sworn, testified as follows:

6            THE COURT:  What is your full name, Mr. Ziegler?

7            THE DEFENDANT:  Yosef Shlomo Ziegler.

8            THE COURT:  And how old are you?

9            THE DEFENDANT:  30.

10           THE COURT:  30?

11           THE DEFENDANT:  Yes.

12           THE COURT:  And are you a U.S. citizen?

13           THE DEFENDANT:  Yes.

14           THE COURT:  How far did you go in school?

15           THE DEFENDANT:  I went to high school.  I didn't

16   complete.

17           THE COURT:  Are you currently or have been recently

18   under the care of a doctor or psychiatrist for any reason?

19           THE DEFENDANT:  No.

20           THE COURT:  Have you taken any mind-altering drugs,

21   medicines, or pills, or consumed any alcohol in the last 24

22   hours?

23           THE DEFENDANT:  I take medication for anxiety and for

24   depression.

25           THE COURT:  And does any of that medication that you

```
 1   take interfere with your ability to think clearly?

 2               THE DEFENDANT:  No.

 3               THE COURT:  Have you ever been hospitalized or

 4   treated for alcoholism or drug addiction?

 5               THE DEFENDANT:  Hospitalized?  No.

 6               THE COURT:  Or treated.  For alcoholism or drug

 7   addiction.

 8               THE DEFENDANT:  No.

 9               THE COURT:  Is your mind clear today?

10               THE DEFENDANT:  Yes.

11               THE COURT:  Do you understand what's happening at

12   this proceeding?

13               THE DEFENDANT:  Yes.

14               THE COURT:  Does either counsel have any objections

15   to defendant's competence to proceed at this time?

16               MS. NECHELES:  No, your Honor.

17               MS. HEAVEY:  Nothing from the government.

18               THE COURT:  Thank you.

19               So I have before me a copy of the superseding

20   information in this case.  And this superseding information is

21   a four-count information charging the defendant in each count

22   with bank robbery in violation of Title 18 United States Code

23   § 2113(a) and (d).

24               Counsel, have you seen a copy of this information?

25               MS. NECHELES:  Yes, your Honor.
```

1          THE COURT:  Have you gone over the information with

2     your client?

3          MS. NECHELES:  Yes, your Honor.

4          THE COURT:  All right.  Have -- are you satisfied he

5     understands the charges?

6          MS. NECHELES:  Yes, your Honor.

7          THE COURT:  Do you waive the public reading?

8          MS. NECHELES:  Yes, we waive.

9          THE COURT:  Mr. Ziegler, do you understand the

10    charges against you set forth in this superseding information?

11         THE DEFENDANT:  Yes, I do, your Honor.

12         THE COURT:  Under the Constitution you have a

13    constitutional right to be charged by an indictment issued by a

14    grand jury.  Instead of an indictment, these felony charges are

15    being brought against you by the U.S. Attorney's Office by the

16    filing of this information.  Unless you waive indictment, you

17    may not be charged with a felony unless a grand jury finds by

18    return of an indictment that there's probable cause to believe

19    that a crime has been committed and that you committed it.  If

20    you do not waive indictment, the government may present the

21    case to the grand jury and ask the grand jury to indict you.

22         Do you understand that?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Just so we're really clear, a grand jury

25    is a group of 16 to 23 ordinary citizens that are called to

1    jury service to hear the government's evidence in criminal

2    cases and decide whether the evidence is sufficient to justify

3    bringing you to trial.  In order to return an indictment, at

4    least 12 of the grand jurors must vote for the indictment,

5    finding that there's probable cause to believe that an offense

6    has been committed and that you committed it.

7              You have a right to have these charges considered by

8    a grand jury, which means that without your consent, these

9    charges could not even be brought unless approved by the grand

10   jury.  But if you waive indictment by the grand jury, the case

11   will proceed against you based on the United States Attorney's

12   information just as if you'd been indicted.

13             Do you understand that?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Ms. Hummel, could you please arraign the

16   defendant on the waiver of the indictment.

17             THE DEPUTY CLERK:  Yes.

18             Mr. Ziegler, before me I have the waiver of

19   indictment which was signed by your attorneys and also signed

20   on your behalf by your attorneys.  Before -- you gave your

21   attorney permission to sign this document on your behalf,

22   correct?

23             THE DEFENDANT:  Yes.

24             THE DEPUTY CLERK:  And did you give him or her

25   permission voluntarily?

1          THE DEFENDANT:  Yes.

2          THE DEPUTY CLERK:  Before having your attorney sign

3    this waiver, did you discuss it with him?

4          THE DEFENDANT:  Yes.

5          THE DEPUTY CLERK:  And did your attorneys explain

6    this waiver to you?

7          THE DEFENDANT:  Yes.

8          THE DEPUTY CLERK:  Do you understand that you're

9    under no obligation to waive indictment?

10          THE DEFENDANT:  I understand.

11          THE DEPUTY CLERK:  And do you also understand that if

12   you do not waive indictment and if the government wants to

13   prosecute you, it will have to present your indictment to a

14   grand jury which may or may not indict you?

15          THE DEFENDANT:  Yes.

16          THE DEPUTY CLERK:  And do you also understand what a

17   grand jury is?

18          THE DEFENDANT:  Yes.

19          THE DEPUTY CLERK:  And you've seen a copy of the

20   felony superseding information in this case?

21          THE DEFENDANT:  Yes.

22          THE DEPUTY CLERK:  And you waived its public reading,

23   correct?

24          THE DEFENDANT:  Yes.

25          THE DEPUTY CLERK:  Thank you.

 1                THE COURT:  Thank you, Ms. Hummel.

 2                The Court finds the written waiver is knowing and

 3      voluntarily made.  The waiver has been accepted and will remain

 4      in the court file.  And this will be Court Exhibit 2.

 5                (Court Exhibit 2 was marked)

 6                THE COURT:  For purposes, Counsel, of the waiver of

 7      indictment, how does your client plead?  This is just for the

 8      waiver.  I know we're going into change of plea in a moment.

 9      So how does your client plead?

10                MS. NECHELES:  Not guilty.

11                THE COURT:  Thank you.

12                This case has previously been assigned to Judge Román

13      and remains with Judge Román.

14                Ms. Heavey, what's the nature of the discovery in

15      this matter?

16                MS. HEAVEY:  The government has produced discovery

17      and I can go through the types of discovery.

18                THE COURT:  Yes, please.

19                MS. HEAVEY:  Discovery has included surveillance

20      footage from the banks, police reports regarding each of the

21      bank robberies, search warrant and evidence obtained in

22      connection with the searches of two residences and a storage

23      facility, cell site data, information from the defendant's cell

24      phone, post arrest statement, license plate reader records,

25      subpoena returns.  I believe that is what I currently have as

1    the categories.

2         THE COURT:  Now, Ms. Heavey, pursuant to Federal

3    Rules of Criminal Procedure 5(f), I remind the government of

4    its obligation under *Brady v. Maryland* and its progeny to

5    disclose to the defense all information, whether admissible or

6    not, that is favorable to the defendant, material either to

7    guilt or to punishment, and known to the government.  The

8    government must make good faith efforts to disclose such

9    information to the defense as soon as reasonably possible after

10   its existence becomes known to the government.

11        As part of these obligations, the government must

12   disclose information that can be used to impeach the trial

13   testimony of a government witness within the meaning of

14   *Giglio v. United States* and its progeny, and must do so

15   sufficiently in advance of trial in order for the defendant to

16   make effective use of it at trial.

17        I remind you that these obligations are continuing

18   ones, and that they apply to information whether or not you

19   credit it.  I further remind you that for these purposes, "the

20   government" includes any federal, state, and local prosecutors,

21   law enforcement officers, and other officials who have

22   participated in the investigation and prosecution of the

23   charged offense, whether or not such officials are still part

24   of the team, and that you have an affirmative obligation to

25   seek from those sources all information subject to disclosure.

1              Finally, I caution the government that if it fails to

2      comply with this order, any number of consequences may follow.

3      Sanctions may be imposed upon the responsible lawyer.   The

4      Court could dismiss the charges before trial or vacate a

5      conviction after trial, or a guilty plea, or any other order

6      that seems just under the circumstances.

7              Ms. Heavey, do you understand these obligations and

8      confirm that you fulfilled or will fulfill them?

9              MS. HEAVEY:  Yes, your Honor.

10             THE COURT:  Thank you.

11             Pursuant to Rule 5(f) I will enter a written order

12     confirming the government's *Brady* obligations following this

13     proceeding.

14             I believe at this time that we can move to the change

15     of plea.

16             Counsel, is that correct?  If there's nothing else I

17     need to do before that.

18             MS. NECHELES:  There is a consent -- did your Honor

19     already cover the consent to proceed before a magistrate judge

20     or --

21             THE COURT:  I will do that during the course of the

22     change of plea.

23             Okay.  Mr. Ziegler, I want to advise you that we're

24     now going from the waiver of indictment to change of plea.

25     This is not a trial, but it's my understanding that you've

1    decided to enter a guilty plea, and this proceeding is for the

2    purpose of ensuring that you're aware of your rights in

3    connection with your plea and that any waiver of those rights

4    is knowing and voluntary prior to entering your guilty plea.

5              If at any time you do not hear or understand what I

6    say to you, please interrupt me so I can repeat and explain

7    what I've said.  If you want to confer with your attorney

8    regarding anything I say, please interrupt me so that you can

9    do that.

10             Do you understand, Mr. Ziegler?

11             THE DEFENDANT:  Yes.

12             THE COURT:  I want to advise you that you have a

13   right to be represented by counsel throughout the entire case,

14   and you may consult with your attorney at any stage of this

15   proceeding.  You also have the right to remain silent.  Any

16   statement that you do make may be used against you.  You have

17   this right to remain silent even if you've already made

18   statements to law enforcement officers.

19             Do you understand that?

20             THE DEFENDANT:  Yes.

21             THE COURT:  So we previously placed you under oath at

22   the beginning of this proceeding, and I want to remind you that

23   if you knowingly make a false statement during these

24   proceedings, you could be subject to prosecution for the crime

25   of perjury or for making a false statement to the Court, and

 1   you could face a punishment up to five years' imprisonment and

 2   a $250,000 fine for committing such a crime.  Such punishment

 3   would be separate and apart from any sentence you may be facing

 4   on the crime charged in the felony superseding information.

 5            Do you understand that?

 6            THE DEFENDANT:  Yes.

 7            THE COURT:  Now, I had asked previously some general

 8   questions regarding Mr. Ziegler's competence to proceed.  I

 9   want to ask Counsel, does Counsel have any objections to

10   defendant's competence to plead at this time?

11            MS. NECHELES:  No, your Honor.

12            MS. HEAVEY:  No, your Honor.

13            THE COURT:  Thank you.

14            So Mr. Ziegler, this proceeding -- this part of the

15   proceeding is called a plea allocution.  I want you to

16   understand that you have an absolute right to have this plea

17   allocution conducted before a United States District Judge.  It

18   is the United States District Judge who will impose the

19   sanctions in this case.  If you consent, then I will conduct

20   the plea allocution and I will then make a report to the

21   district judge in which I will recommend whether or not the

22   district judge should accept the plea of guilty.  I will make

23   that recommendation based on the information that is brought

24   out during today's court proceedings.

25            It is important for you to understand that the Court

1  will not accept your plea unless the Court is satisfied that

2  you fully understand all of your rights and that you are, in

3  fact, guilty.

4          Do you understand that?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Do you understand that you have an

7  absolute right to have this plea allocution conducted before a

8  United States District Judge?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Mr. Ziegler, is it your wish that I

11  conduct the plea allocution?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Counsel, I have before me the consent to

14  proceed before a United States Magistrate Judge on a felony

15  plea allocution, which you've signed and you've signed on

16  behalf of your client.  If you could please set forth on the

17  record what you did to advise your client of his rights and

18  obtain his consent to proceed before me for the felony plea.

19          MS. NECHELES:  Your Honor, Mr. Stern, my colleague,

20  [indiscernible] discussed this with Mr. Ziegler, and Mr. Stern

21  signed on behalf of Mr. Ziegler to sign his own name, and he

22  put the initials there.

23          THE COURT:  Thank you.

24          I have this consent form before me.  It's not dated.

25  What -- I will add the date, but you need to give me the date

1   on which it was executed.

2              MS. NECHELES:  Yesterday, your Honor.

3              THE COURT:  Okay.

4              MS. NECHELES:  The 7th.

5              THE COURT:  And what city and state was it executed

6   in?

7              MS. NECHELES:  Brooklyn, New York.

8              THE COURT:  Thank you.

9         Do I have your permission to add the date and modify

10  the form to include Brooklyn, New York?

11             MS. NECHELES:  Yes, your Honor.

12             THE COURT:  So Mr. Ziegler, what this form says is

13  that knowing you have the right to have the plea taken by a

14  United States District Judge, you are agreeing to have the plea

15  taken by me, a United States Magistrate Judge.  Is that

16  correct?

17             THE DEFENDANT:  Yes.

18             THE COURT:  And did your -- did you give permission

19  for your lawyer to sign this form on your behalf?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Before you signed the form, did your

22  lawyer explain it to you?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Did anyone threaten or coerce you or

25  promise you anything in order to get you to sign the consent

```
 1   form?
 2             THE DEFENDANT:  No.
 3             THE COURT:  Did you sign the form freely and
 4   voluntarily?
 5             THE DEFENDANT:  Yes.
 6             THE COURT:  Counsel, do either of you know of any
 7   reason why the waiver and consent to proceed with this plea
 8   allocution before a United States Magistrate Judge should not
 9   be accepted?
10             MS. NECHELES:  No, your Honor.
11             MS. HEAVEY:  Nothing from the government, your Honor.
12             THE COURT:  Thank you.
13             I find that the defendant Yosef Ziegler is fully
14   competent and understands the proceedings before him.  I also
15   find he's capable of waiving his right to appear before a
16   United States District Judge in order to enter his guilty plea.
17   And I, therefore, accept the consent form, which I have now
18   signed and is now part of the Court record.  The consent form
19   will be marked as Court Exhibit 3 and will remain in the court
20   file.
21             (Court Exhibit 3 was marked)
22             THE COURT:  Mr. Ziegler, I've been informed that you
23   wish to change your plea and to enter a plea of guilty as to
24   certain charges.  Is that correct?
25             THE DEFENDANT:  Yes.
```

1          THE COURT:  Before deciding whether to accept your

2   guilty plea, I'm going to ask you certain questions.  It's very

3   important that you answer these questions honestly and

4   completely.  The purpose of these proceedings is to make sure

5   that you understand your rights, to decide whether you're

6   pleading guilty of your own free will, and to make sure that

7   you're pleading guilty because you are guilty and not for some

8   other reason.

9          Do you understand all this?

10         THE DEFENDANT:  Yes.

11         THE COURT:  If you don't understand any of the

12  questions or if you want at any time to consult with your

13  lawyer, please let me know, because it's important that you

14  understand every question before you answer it.

15         Do you understand that?

16         THE DEFENDANT:  Yes.

17         THE COURT:  So I have before me a copy of the

18  superseding information containing the charges against you.

19  It's a four-count information.  Each of the counts, Counts One

20  through Four charges you with bank robbery in violation of

21  Title 18 United States Code § 2113(a) and (d).

22         Have you seen a copy of this superseding information?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Have you read it?

25         THE DEFENDANT:  Yes.

```
 1              THE COURT:  Do you understand what it says?
 2              THE DEFENDANT:  Yes.
 3              THE COURT:  Do you want me to read it in open court?
 4              THE DEFENDANT:  No need to.  If you want.
 5              THE COURT:  It's up to you.  You have a right to have
 6    me read it if you want me to.  But if you don't, if you don't
 7    need it read, you can just tell me that.
 8              THE DEFENDANT:  No, there's no need for that.
 9              THE COURT:  Thank you.
10         Have you had time to talk to your attorney about
11    these charges and how you wish to plead?
12              THE DEFENDANT:  Yes.
13              THE COURT:  Have you discussed with your attorney the
14    charges against you, including the charges you intend to plead
15    guilty to, as well as any other charges the government may have
16    made in this case?
17              THE DEFENDANT:  Yes.
18              THE COURT:  Has your attorney told you the
19    consequences of pleading guilty?
20              THE DEFENDANT:  Yes.
21              THE COURT:  Are you satisfied with your attorney's
22    representation of you?
23              THE DEFENDANT:  Yes.
24              THE COURT:  Have you told your attorney everything
25    you know about this case?
```

1          THE DEFENDANT:  Yes.

2          THE COURT:  So I have a plea agreement in this case

3    dated November 19, 2020.

4          Ms. Heavey, do you have the original plea agreement?

5          MS. HEAVEY:  I have the closest to an original given

6    the electronic signing that's been done.

7          THE COURT:  Okay.  So that's going to be marked as a

8    government exhibit and going to remain in the custody of the

9    government's attorney.  Do you understand that?

10         MS. HEAVEY:  Yes.

11         THE COURT:  Ms. Hummel, will you please have the

12   defendant go over the signatures and counsel go over the

13   signatures on the last page of the plea agreement.

14         THE DEPUTY CLERK:  Yes.

15         Mr. Ziegler, I have before me the plea agreement

16   which is dated November 19, 2020, and on page 7 of this

17   agreement I have your signature put on this agreement by your

18   attorneys and dated 12/7/2020, and the signature of your

19   attorney dated the same date, 12/7/2020.

20         Did you give your attorneys permission to sign this

21   agreement on your behalf?

22         THE DEFENDANT:  Yes.

23         THE DEPUTY CLERK:  And before giving them that

24   permission, did you have a chance to read and review this

25   agreement with your attorney?

1                    THE DEFENDANT:  Yes.

2                    THE DEPUTY CLERK:  Thank you.

3                    THE COURT:  Thank you, Ms. Hummel.

4               Counsel, did you review each and every part of this

5    agreement with your client?

6                    MS. NECHELES:  Yes, your Honor.

7                    THE COURT:  Mr. Ziegler, are you satisfied that you

8    understand the entire plea agreement which your lawyer has

9    reviewed with you?

10                   THE DEFENDANT:  Yes.

11                   THE COURT:  Do you have any questions either for your

12   lawyer or for me about what this plea agreement says?

13                   THE DEFENDANT:  No.

14                   THE COURT:  Does this plea agreement contain the

15   complete understanding between you, your lawyers, and the

16   government in connection with this case?

17                   THE DEFENDANT:  Yeah.

18                   THE COURT:  Do you understand that anything which is

19   not set forth in the plea agreement or which is not told to me

20   at this time on the record will not be binding on the outcome

21   of the case?

22                   THE DEFENDANT:  Yes.

23                   THE COURT:  Ms. Heavey, is there anything beyond the

24   written plea agreement the Court should be aware of?

25                   MS. HEAVEY:  No, your Honor.

1          THE COURT:  Counsel, is there any other agreement the

2     Court should know about?

3          MS. NECHELES:  No, your Honor.

4          THE COURT:  I do have a consent preliminary order of

5     forfeiture as to specific property/money in agreement.  That's

6     an attachment to the plea agreement?

7          MS. HEAVEY:  Yes, your Honor.

8          THE COURT:  Okay.  Thank you.

9          Mr. Ziegler, did you give your attorneys permission

10    to sign this plea agreement freely and voluntarily?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Did anyone force you or coerce you or

13    threaten you or promise you anything other than what's set

14    forth -- what is set forth in the written plea agreement in

15    order to get you to sign the plea agreement?

16         THE DEFENDANT:  No.

17         THE COURT:  So if you're convicted of the charges

18    contained in the felony superseding information, either after

19    trial or by a plea of guilty, you would be subject on each

20    count to a maximum term of imprisonment of 25 years, a maximum

21    term of supervised release of five years, a maximum fine

22    pursuant to Title 18 United States Code § 3571 of the greatest

23    of $250,000, twice the gross pecuniary gain derived from the

24    offense, or twice the gross pecuniary loss to persons other

25    than you resulting from the offense, and a $100 mandatory

1    special assessment.

2            Do you understand that?

3            THE DEFENDANT:  Yes.

4            THE COURT:  So that would be what you would be

5    subject to to each of the four counts.  So that means the total

6    maximum term of imprisonment on Counts One through Four is 100

7    years' imprisonment.  Do you understand that?

8            THE DEFENDANT:  Yes.

9            THE COURT:  If you are sentenced to a term of

10   imprisonment, even if you are sentenced to the maximum term of

11   imprisonment, and if you're also sentenced to a term of

12   supervised release, and if you then violate the conditions of

13   supervised release, you could be sentenced to an additional

14   term of imprisonment for violating the terms of your supervised

15   release, which, in this case, would be an additional term of

16   three years.

17           Ms. Heavey, this is a B felony, right?

18           MS. HEAVEY:  I believe, your Honor.  I can

19   double-check that.

20           THE COURT:  Please do.

21           MS. HEAVEY:  Yes, your Honor.

22           THE COURT:  So as a B felony, you'd be subject to an

23   additional term of imprisonment, if you violated your term of

24   supervised release, for three years.

25           In addition, Mr. Zigler, if you violate the

1    conditions of your supervised release, you would not receive

2    credit for any time already served in prison or for time served

3    on supervised release.

4              Do you understand that?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Under this plea agreement you are also

7    waiving any defense with respect to venue in Count Four.

8              Do you understand that?

9              THE DEFENDANT:  Yeah.

10             THE COURT:  You're also subject to the possibility of

11   an order of forfeiture or restitution in this case.  And under

12   this plea agreement you're admitting to the forfeiture

13   allegation with respect to Counts One through Four of the

14   superseding information and are agreeing to forfeit to the

15   United States pursuant to Title 18 United States Code §

16   981(a)(1)(C) and Title 28 United States Code § 2461(c) a sum of

17   money equal to $233,150 representing proceeds traceable to the

18   commission of this offense, and all right, title, and interest

19   of the defendant in the following specific property:  $63,450

20   that the law enforcement seized from your residence in Airmont,

21   New York on or about November 26, 2019.

22             Do you understand that?

23             THE DEFENDANT:  Yes.

24             THE COURT:  You're also agreeing under this plea

25   agreement to make restitution in the amount of $233,150 in

1   accordance with 18 U.S.C. § 3663, 3663(a) and 3664.

2              Do you understand that?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Ms. Heavey, any other forfeiture or

5   restitution that Mr. Ziegler may be subject to?

6              MS. HEAVEY:  No, your Honor.

7              THE COURT:  Thank you.

8              So Mr. Ziegler, do you understand that these are the

9   possible sentences that could be imposed following a plea of

10  guilty in this matter?

11             THE DEFENDANT:  Yes.

12             THE COURT:  I believe you said you were a United

13  States citizen; is that correct?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  Do you understand that you are pleading

16  guilty to a felony offense and that such an adjudication may

17  deprive you of certain valuable civil rights which may include

18  the right to vote, the right to hold public office, the right

19  to serve on a jury, the right to possess any type of firearm

20  including rifles and shotguns, the right to be considered for

21  certain types of employment, or to be bonded, to serve in the

22  United States military, and the right to possess or obtain

23  certain government issued-licenses, including licenses that may

24  be required in certain professions and occupations.

25             Do you understand that?

1          THE DEFENDANT:  Yes.

2          THE COURT:  So do you understand these are all the

3    possible legal consequences of a guilty plea?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Do you understand that the United States

6    Sentencing Commission has issued guidelines for judges to

7    follow in determining the appropriate sentence in a criminal

8    case?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Do you understand that these guidelines

11    are not mandatory, but they must be considered by the Court

12    along with other factors listed at 18 U.S.C. § 3553 when the

13    judge determines the appropriate sentence to impose, including

14    possible departures from the guidelines?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Have you and your attorney talked about

17    how the sentencing guidelines would be calculated in your case?

18          THE DEFENDANT:  Yes.

19          THE COURT:  The plea agreement in this case sets

20    forth a stipulated sentencing range of 78 to 97 months'

21    imprisonment, and a stipulated fine range of 25,000 to

22    $250,000.  Do you understand that this is simply an

23    understanding between you and your lawyer and the lawyer for

24    the government and that it is not binding on the district judge

25    when he imposes sentence?

1            THE DEFENDANT:  Yes.

2            THE COURT:  Do you understand that the district judge

3    will consider the guidelines, but will impose a sentence in

4    accordance with the statute, which, in this case, means that

5    the prison term will be not for more than 100 years in prison?

6            Do you understand that?

7            THE DEFENDANT:  Yes.

8            THE COURT:  Do you understand the Court will not be

9    able to determine the appropriate sentence until after the

10   presentence report has been prepared, until you and your

11   attorney, as well as the government, have had an opportunity to

12   challenge the facts reported in the presentence report, as well

13   as the calculation of the sentencing guideline range, and any

14   sentence recommendation in that report?

15           THE DEFENDANT:  Yes.

16           THE COURT:  Do you also understand that if there are

17   any objections to the presentence report, that those objections

18   will be ruled on by the Court and, if necessary, a hearing will

19   be held to determine what information is relevant to the

20   Court's determination of a sentence?

21           THE DEFENDANT:  Yes.

22           THE COURT:  I want to go over what appeal rights

23   you're giving up by entering this plea, okay?

24           THE DEFENDANT:  Okay.

25           THE COURT:  You're agreeing not to file a direct

1   appeal nor bring a collateral challenge, including but not

2   limited to an application under Title 28 United States Code

3   § 2255 and/or § 2241 of any evidence within or below the

4   stipulated guideline range of 78 to 97 months' imprisonment,

5   and the government will not appeal any sentence within or above

6   the stipulated guideline range.

7           Do you understand that?

8           THE DEFENDANT:  Yes.

9           THE COURT:  You're agreeing not to appeal or bring a

10  collateral challenge of any term of supervised release that is

11  less than or equal to the statutory maximum.

12          Do you understand that?

13          THE DEFENDANT:  Yes.

14          THE COURT:  You're agreeing not to appeal or bring a

15  collateral challenge of any fine that is less than or equal to

16  $250,000, and the government agrees not to appeal any fine --

17  not to appeal or bring a collateral challenge of any fine that

18  is greater than or equal to $25,000.

19          Do you understand that?

20          THE DEFENDANT:  Yeah.

21          THE COURT:  You're also agreeing not to appeal or

22  bring a collateral challenge of any forfeiture or restitution

23  that is less than or equal to $233,550, and the government

24  agrees not to appeal or bring a collateral challenge of any

25  forfeiture or restitution that is greater than or equal to

1    $233,550.

2              Do you understand that?

3              THE DEFENDANT:  Yeah.

4              THE COURT:  By entering this guilty plea,

5    Mr. Ziegler, you're waiving any and all right to withdraw your

6    plea or to attack your conviction, either on direct appeal or

7    collaterally, on the ground that the government has failed to

8    produce any discovery material, Jencks' Act material,

9    exculpatory material pursuant to *Brady v. Maryland* under the

10   information establishing your factual innocence, or impeachment

11   material pursuant to *Giglio v. United States* that has not

12   already been produced as of the date of this signing of this

13   agreement.

14             Do you understand that?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Do you understand, Mr. Ziegler, that if

17   you disagree with the Court's sentencing decision, that will

18   not give you a basis for withdrawing your plea of guilty?

19             THE DEFENDANT:  Yeah.

20             THE COURT:  Do you also understand that parole has

21   been abolished and if you are sentenced to a term of

22   imprisonment you will not be eligible for early release on

23   parole?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Do you understand that you do not have to

1  plead guilty and you have an absolute right to plead not guilty

2  and to have the matter go to trial by judge or by jury?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Do you understand that if you choose to

5  plead not guilty, you are entitled to have a speedy and public

6  trial of your case?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Do you understand that at any trial of

9  this matter you would be entitled to the presumption of

10  innocence, and that presumption would remain with you until the

11  government proves each and every element of the crime charged

12  beyond a reasonable doubt to the satisfaction of a judge if

13  it's a judge trial, or to the unanimous satisfaction of the

14  jury if it's a jury trial?

15              Do you understand that?

16              THE DEFENDANT:  Yes.

17              THE COURT:  At such trial, Mr. Ziegler, you would

18  have the right, with the assistance of your attorney, to

19  confront and cross-examine the witnesses against you.  You

20  would have the right to call witnesses to testify for you and

21  to have subpoenas issued to compel witnesses to give testimony.

22  You would also have the right to testify at your trial but you

23  could not be forced to testify.  If you decide not to testify,

24  your decision to remain silent could not be held against you in

25  any way.

1              Do you understand that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  At your trial you would also have the

4    right, which I've already mentioned, to the assistance of an

5    attorney and to have an attorney appointed to represent you if

6    you could not afford counsel.

7              Do you understand that?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Do you understand that if you plead

10   guilty to the charges in this felony superseding information,

11   that you would give up your right to trial, and except for the

12   right to counsel, you would give up all the other rights which

13   I've explained to you here?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Is there anything else, Counsel, that you

16   would like me to go over in the plea agreement with

17   Mr. Ziegler?

18             MS. NECHELES:  Nothing for the defense, your Honor.

19             MS. HEAVEY:  Nothing from the government, your Honor.

20   Thank you.

21             THE COURT:  Thank you.

22             Mr. Ziegler, have you clearly heard and understood

23   everything I've said to you?

24             THE DEFENDANT:  Yeah.

25             THE COURT:  Do you have any questions for me or for

1    your attorney about anything I've said or about anything I've

2    asked you?

3              THE DEFENDANT:  No.

4              THE COURT:  Okay.  Ms. Heavey, if you could please

5    tell me what the elements of the offense are and what the

6    government is prepared to prove at trial in order to establish

7    those elements.

8              MS. HEAVEY:  Yes, your Honor.

9              First, with respect to the elements for all four

10   counts, the government would have to prove at trial beyond a

11   reasonable doubt:  First, that the defendant stole money or

12   other things of value belonging to or in the custody, care, or

13   possession of a bank, credit union, or savings and loan

14   association whose deposits were federally insured; second, that

15   the defendant took or attempted to take the money or any other

16   thing of value from a person or in the presence of another;

17   third, that the defendant accomplished the taking by force and

18   violence or intimidation; fourth, that the defendant acted

19   unlawfully, willingly and -- willfully and knowingly; and

20   finally, with respect to § 2113(d), that in committing the

21   offense, the defendant assaulted another person or put in

22   jeopardy the life of another person by the use of a dangerous

23   weapon or device.

24             The government would also have to prove by a

25   preponderance of the evidence that venue in the Southern

District of New York was proper, meaning that the bank -- in
this case the bank was located in the Southern District of New
York.

          The evidence that the government would use to prove
these elements beyond a reasonable doubt include:  Surveillance
footage from the banks; testimony from employees and customers
who were present at the banks; publicly available information
from the FDIC regarding the bank's status as federally insured;
testimony from law enforcement officers who responded to the
scene and investigated the robberies, including testimony
regarding how law enforcement was able to identify one of the
vehicles involved in the robberies and connect it to the
defendant; evidence obtained in connection with the search of
the defendant's residence and storage facility, which included
over $63,000 in cash, including approximately $2500 cash that
was wrapped in money ties labeled with the name of one of the
victim banks; a BB gun resembling a device used in connection
with a robbery; a pocket knife resembling that used in several
other robberies; a helmet resembling that used in connection
with one of the robberies; cell site data and search
information from the defendant's cell phone which placed him in
the vicinity of the robberies in the days leading up to the
robberies as well as around the time of the robberies; license
plate reader reports from cars observed in connection with the
robberies; and subpoena returns from car rental companies and

1    storage facilities.

2              And all of that would show that on or about January

3    24, 2019 and June 25, 2019, the defendant stole money from

4    banks, whose deposits were federally insured, by force and

5    violence and intimidation and by assaulting another person with

6    a dangerous weapon or device when he told employees that he had

7    a bomb, displayed what appeared to be parts of a bomb, demanded

8    that employees turn over money in the bank's custody, and stole

9    that money from the banks.

10             On or about October 29, 2019 the defendant stole

11   money from a bank, whose deposits were federally insured, by

12   force and violence and intimidation, and by assaulting another

13   person with a dangerous weapon or device when he displayed what

14   appeared to be a firearm, demanded that employees turn over

15   money in the bank's custody, and stole money from the bank.

16             And on or about April 17, 2019 the defendant stole

17   money from a bank, whose deposits were federally insured, by

18   force and violence and intimidation, and by assaulting another

19   person when he displayed a device that appeared to be a bomb,

20   demanded that employees turn over money in the bank's custody,

21   and stole money from the bank.

22             And with respect to venue, the government would show

23   that the banks that are subject to the first three counts were

24   located in Duchess and Rockland Counties, which are in the

25   Southern District of New York, and the fourth bank, which is

1    the subject of Count Four, was located in New Jersey.  And the

2    defendant is agreeing to waive venue with respect to that count

3    as stipulated in the plea agreement.

4              And all together the defendant stole approximately

5    $233,150.

6              THE COURT:  Thank you, Ms. Heavey.

7              So Mr. Ziegler, did you hear what AUSA Heavey said?

8              THE DEFENDANT:  Yes.

9              THE COURT:  At this time how do you wish to plead to

10   the charges?

11             THE DEFENDANT:  Guilty.

12             THE COURT:  Has anyone threatened you or coerced you

13   or pressured you improperly in order to get you to plead guilty

14   to these charges?

15             THE DEFENDANT:  No.

16             THE COURT:  Has anyone made any promises to you other

17   than what's set forth in the plea agreement in order to induce

18   you to plead guilty?

19             THE DEFENDANT:  No.

20             THE COURT:  Has anyone made any specific promises to

21   you about what the sentence of the Court will be?

22             THE DEFENDANT:  No.

23             THE COURT:  Mr. Ziegler, can you tell me in your own

24   words what you did to commit these crimes.

25             THE DEFENDANT:  On January 24, 2019, I entered the

1   bank in Pomona, New York, and by displaying a device I falsely

2   claimed was a bomb to the manager and received cash from the

3   bank.  And on June 25, 2019 I entered a bank in Wappingers

4   Falls, New York, and by displaying a device falsely claimed was

5   a bomb, demanded and received cash from the bank.  And on

6   October 29, 2019 I entered a bank in Fishkill, New York, and by

7   displaying and -- and by displaying a weapon that was, in fact,

8   a BB gun, I demanded and received cash from the bank.  And on

9   April 17, 2019 I entered a bank in Park Ridge, New Jersey, and

10  by displaying a device I falsely claimed that was a bomb and

11  demanded and received cash from the bank.  All four banks were

12  FDIC insured.

13          THE COURT:  And how much cash in total did you

14  receive through this threat and intimidation?  The government

15  says 233,150.  Is that accurate?

16          THE DEFENDANT:  Yeah.

17          THE COURT:  And in each of these robberies, you

18  intimidated the people by using devices that you had led them

19  to believe in three cases was a bomb, and in the other case was

20  a gun?

21          THE DEFENDANT:  Yeah.

22          THE COURT:  Did you commit these acts knowingly and

23  willfully?

24          THE DEFENDANT:  Yeah.

25          THE COURT:  Did you know it was against the law to do

1    what you were doing at the time that you did it?

2              THE DEFENDANT:  Yeah.

3              THE COURT:  Is there anything else which either

4    counsel believes the Court needs to elicit from the defendant

5    before making the recommendation contemplated by Rule 11 of the

6    Federal Rules of Criminal Procedure?

7              MS. HEAVEY:  Nothing from the government, your Honor.

8    Thank you.

9              MS. NECHELES:  Nothing for the defense, your Honor.

10   Thank you.

11             THE COURT:  And Ms. Necheles, do you know of any

12   reason why the Court should not recommend acceptance of your

13   client's plea of guilty in this matter?

14             MS. NECHELES:  No, your Honor.

15             THE COURT:  And Ms. Heavey, do you know of any reason

16   why the Court should not recommend acceptance of the plea?

17             MS. HEAVEY:  No, your Honor.

18             THE COURT:  Mr. Ziegler, in light of everything

19   that's been said here today, is it still your wish to plead

20   guilty to the charges in the felony superseding information?

21             THE DEFENDANT:  Yes.

22             THE COURT:  On the basis of the allocution and the

23   responses to my questions, I find that the defendant is fully

24   competent and capable of entering an informed plea.

25             I am satisfied, Mr. Ziegler, that you understand your

1   rights, including your right to go to trial, that you are aware

2   of the consequences of your plea, including the sentence that

3   may be imposed.

4           Based on this plea allocution, I find the plea is

5   knowing and voluntary and supported by independent factual

6   basis for each and every element of the crime charged.

7   Accordingly, I respectfully report and recommend to Judge Román

8   that the plea be accepted and that the defendant be adjudged

9   guilty of the offense charged in the felony superseding

10  information.

11          I direct that a presentence investigation be

12  conducted by the United States Department of Probation and that

13  a presentence report will be prepared.  Within 14 days from

14  today, Mr. Ziegler, with the help of your counsel, you need to

15  be interviewed by the department of probation.

16          Counsel, you should contact the department of

17  probation.  I believe they arrange ways to do this remotely.

18          Mr. Ziegler, when you are interviewed by the

19  representative from the department of probation, you must be

20  fully honest and truthful during that interview, because if it

21  comes to the Court's attention that you provided false,

22  incomplete, or misleading information, that may be held against

23  you at the time of sentencing.

24          Do you understand that?

25          THE DEFENDANT:  Yes.

1            THE COURT:  And Ms. Heavey, the prosecution case

2   summary is to come to the Court -- to be given to the probation

3   department no later than 14 days from today, so that's December

4   22, 2020.

5            I'm also going to ask that the court reporter provide

6   a transcript of these proceedings within 30 days setting forth

7   my report and recommendation to Judge Román.  The transcript is

8   to come to me first for review.

9            Ms. Hummel, do we have a sentencing date?

10           THE DEPUTY CLERK:  Yes, Judge.  Judge Román set this

11  down for sentencing on March 10, 2021 at 11:00 a.m., or an

12  alternate date of March 12, 2021 at 11:00 a.m.

13           THE COURT:  Okay.  So please contact Judge Román's

14  chambers to confirm the date and time of the sentencing.

15           Is there anything further we need to do here today?

16           MS. HEAVEY:  Nothing from the government, your Honor.

17  Thank you.

18           MS. NECHELES:  Nothing from the defense, your Honor.

19  Thank you.

20           THE COURT:  Thank you.

21           I wish everyone good health.

22           And also good luck to you, Mr. Ziegler.

23           Have a good day, everyone.

24

25

1   CERTIFICATE:  I hereby certify that the foregoing is a true and
    accurate transcript, to the best of my skill and ability, from
2   my stenographic notes of this proceeding.

3

4             Pamela L. Grimaldi, RPR, CRR, CLR
              Official Court Reporter, USDC, SDNY

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25