```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/23/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                     :

UNITED STATES OF AMERICA
                                                     :      **PRELIMINARY ORDER OF**
                                                              **FORFEITURE AS TO**
        - v. -                                    :      **SUBSTITUTE ASSETS**

YOSEF ZIEGLER,
                                                       :      S1 19 Cr. 916 (NSR)

           Defendant.
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about December 8, 2020, YOSEF ZIEGLER (the "Defendant"), was charged in a Superseding Information, S1 19 Cr. 916 (NSR) (the "Information"), with four counts of bank robbery, in violation of Title 18, United States Code, Section 2113(a) and (d) (Counts One through Four);

        WHEREAS, on or about December 8, 2020, the Defendant pled guilty to Counts One through Four of the Information, pursuant to a plea agreement with the Government;

        WHEREAS, on or about June 9, 2021, the Court entered a Preliminary Order of Forfeiture as to Specific Property/Money Judgment), imposing a money judgment against the Defendant in the amount of $223,150 (the "Money Judgment"), representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Four of the Information that the Defendant personally obtained, and forfeiting all right, title and interest of the Defendant in $63,450 in United States currency that law enforcement seized from the Defendant's residence in Airmont, NY on or about November 26, 2019 (the "Specific Property") (D.E. 52);

        WHEREAS, to date, the Money Judgment entered against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offenses, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Government has identified the following specific assets in which the Defendant has an ownership interest:

   a. $7,164.00 in United States currency seized by the Government on or about November 26, 2019, pursuant to a search warrant executed at the Defendant's residence in Airmont, New York at the time of the Defendant's arrest; and

   b. $2,500 in United States currency seized by the Government on or about November 26, 2019, pursuant to a search warrant executed at the Defendant's storage unit in Suffern, New York;

(the "Substitute Assets");

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Assets.

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of this Preliminary Order of Forfeiture as to Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Asset and to keep it in its secure, custody and control.

3. Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: May 23, 2024
White Plains, NY

SO ORDERED:

_____
HONORABLE NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 70.**